UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

GUARANTY BANK,

        Plaintiff,

v.                                    Case No. 09-CV-133

EVANSTON INSURANCE COMPANY and
UNIVERSAL ASSURORS AGENCY, INC.,

        Defendants.

_____

## ORDER

Defendant Evanston Insurance Company ("Evanston") moves the court for a declaration that the requirements imposed by Wisconsin statute § 618.47(1) do not apply to any action in federal court, or alternatively, that the statute does not require Evanston to post a bond as a condition of pleading in this particular action. Based on the reasons discussed below, the court finds that Evanston made a satisfactory showing under the statute that it maintains sufficient funds to satisfy any probable final judgment. Therefore, the court will not require Evanston to post a bond prior to filing pleadings.

## BACKGROUND

Plaintiff Guaranty Bank filed suit against Evanston and a second defendant seeking declaratory judgment, reimbursement of insurance premiums, and indemnification. Evanston is an Illinois insurance provider which issued an insurance policy against mortgage default losses to Guaranty Bank in 2004. Guaranty Bank alleges that Evanston was not authorized to make insurance

contracts with Wisconsin businesses at the time Evanston issued the policy to Guaranty Bank because Evanston did not have a certificate of authority under Wisconsin statute § 618.12.  Based on these allegations, Guaranty Bank filed the instant action for declaratory judgment, reimbursement and indemnification against the defendants on February 10, 2009.  Evanston now files an expedited, non-dispositive motion asking this court to issue an order stating that it need not post a bond under Wisconsin statute 618.47(1) prior to filing a responsive pleading.

## ANALYSIS

Evanston urges this court to issue an order declaring that it is not required to post a bond pursuant to Wis. Stat. § 618.47(1).  The statute addresses an unauthorized insurer's defense against a court action, and reads in relevant part:

> (1) CONDITIONS FOR FILING.
>
> No pleading, notice, order or process in any court action or in any administrative proceeding before the commissioner instituted against an unauthorized person under ss. 601.72 or 601.73 may be filed by or on behalf of an unauthorized person unless the person either:
>
> (a) Deposits with the clerk of the court in which the action or proceeding is pending, or with the commissioner in administrative proceedings before the commissioner, bond with sureties in an amount fixed by the court or the commissioner, sufficient to secure the payment of any probable final judgment or order.  The court, or the commissioner in administrative proceedings before the commissioner, may make an order dispensing with a deposit or bond where the person makes a satisfactory showing that in a state of the United States he or she maintains funds or securities, in trust or otherwise, sufficient and available to satisfy any probable final judgment or order; or
>
> (b) Procures proper authorization to do an insurance business in this state.

Wis. Stat. § 618.47. Evanston argues that the statute does not compel it to post a bond because the statutory requirement does not apply in federal court. Alternatively, Evanston argues that it is exempt from posting a bond, even if the statutory requirement applies. Evanston asserts that it maintains funds "sufficient to secure the payment of any probable final judgment or order," as required by the statute. In response, Guaranty Bank argues that Wis. Stat. § 618.47 is a state substantive law that this court must apply as a court sitting in diversity. Further, Evanston's evidence that it maintains sufficient funds under the statute is inadequate. Finally, Guaranty Bank argues that this court should require Evanston to post a bond given the current economic climate of losses and rapid depletion of assets.

The familiar United States Supreme Court case *Erie R.R. v. Tompkins* establishes that a federal court sitting in diversity must apply the law of the state in which it sits. 304 U.S. 64, 78 (1938). However, federal courts make a distinction between their obligation to apply state substantive law and their obligation to apply state procedural law. A district court applies federal law when a federal procedural rule is "rationally capable of classification" as procedural and is in actual conflict with the state procedural rule. *Houben v. Telular Corp.*, 309 F.3d 1028, 1039 (7th Cir. 2002). However, a federal court may apply a seemingly "procedural" state rule if that rule is limited to a particular substantive area in an attempt to influence substantive outcomes. *See S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 60 F.3d 305, 310 (7th Cir. 1995).

-3-

Wisconsin statute 618.47 requires a "surplus lines" insurer, an unlicensed insurer operating without a certificate of authority to do business in Wisconsin, to post a bond before filing a pleading under certain circumstances. *See* Wis. Stat. 618.47. This requirement is "rationally capable of classification" as procedural because it involves a condition precedent to filing. In addition, federal procedural law imposes no similar requirement on a party prior to pleading. Therefore, the state and federal procedural requirements are arguably in actual conflict and the state rule must give.

However, the statute's procedural rule is undoubtedly limited in application. It does not require all parties to post a bond prior to filing a pleading, but rather, applies only to a particular group, unauthorized insurers, and to a particular substantive area, insurance law. Thus, the statute arguably applies in federal court because the state's attempt to influence substantive outcomes "would be defeated by allowing parties to shift their litigation into federal court unless the state's rule was applied there as well." *S.A. Healy, Co.*, 60 F.3d at 310.

Therefore, determining whether Wis. Stat. § 618.47 constitutes substantive state law or procedural law[1] appears central to determining whether the statute's

---

[1] The court notes that Magistrate Judge Stephen Crocker in the Western District of Wisconsin determined the applicability of Wis. Stat. § 618.47 on a different basis in *Scottish Guarantee Insurance Co., Ltd. v. Dwyer.* No. 92-C-012-C, 1992 WL 601889 (W.D. Wis. Nov. 27, 1992). In that case, Magistrate Crocker stated that Wis. Stat. § 618.47 does not apply to actions in federal court and refers only to actions in state court. *Id.* at *14. However, in his brief consideration of the issue, Magistrate Crocker based his conclusion on statutory interpretation and not on a determination of substantive versus procedural law. *See id.* Ultimately, the magistrate judge found that the statute's requirement did not apply and the subject insurer need not post a bond. *Id.* Judge Barbara Crabb then adopted the magistrate's recommendation denying the requirement for bond because the plaintiff failed to challenge the recommendation, constituting a waiver of the issue. *Id.* at *1.
-4-

requirement for a bond applies in this case. The court need not decide the issue, however, because Evanston is not required to post a bond under either scenario. The court finds that Evanston makes a "satisfactory showing" that it maintains sufficient funds to satisfy any probable judgment. Therefore, the statute does not require Evanston to post a bond.

Evanston affirms by affidavit of its Vice-President and Senior Financial Officer that the company possessed $369 million in "surplus as regards policyholders" and assets including over $100 million in cash and cash equivalents as of the end of the most recent financial period for which information is available. (*See* Steer Decl., Docket #10, ¶¶ 1,3-4). Guaranty Bank protests that such an affidavit is inadequate without the supporting financial records. However, the statute does not require on its face that Evanston submit detailed financial information and Guaranty Bank provides no legal authority suggesting that it does. Therefore, the court finds that Evanston's sworn affidavit constitutes a "satisfactory showing."

Further, the court will not disregard Evanston's sworn evidence that it maintains sufficient and available funds to satisfy any probable final judgment based strictly on the general state of the economy. Guaranty Bank insists that a bond is necessary given the combination of its claim for $30 million in premiums, a likely increase in claims against Evanston from insured parties because of the economy, and losses Evanston may experience on its invested capital during the pendency of this case. The court cannot project the health of the economy in the coming months or years. Indeed, the court is skeptical that anyone can. Therefore, it is

inappropriate for the court to "determine" that Evanston will be unable to pay any probable final judgment based on the court's unqualified analysis of economic factors and predictions about Evanston's invested capital.

Accordingly,

**IT IS ORDERED** that Evanston's 7.4 expedited non-dispositive motion for an order stating that it is not required to post a bond under Wis. Stat. § 618.47 as a condition of pleading (Docket #9) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 24th day of March, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge