UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

GUARANTY BANK,

        Plaintiff,

v.                                                        Case No. 09-CV-133

EVANSTON INSURANCE COMPANY and
UNIVERSAL ASSURORS AGENCY, INC.,

        Defendants.
_____

## ORDER

On November 19, 2009, the parties submitted a proposed protective order to govern all submissions by either party to the court. (Docket #53). The protective order, in relevant part, allows either party to designate materials as "CONFIDENTIAL" or for "ATTORNEY'S EYES ONLY," seemingly to automatically allow such materials to be sealed from general public access. The protective order, while ensuring that the parties' interests in keeping materials confidential, appears to ignore the directives of General Local Rule 79.4, which requires that documents that wish to be deemed confidential must be submitted to the court for a motion approving such a designation. Furthermore, the Seventh Circuit has been quite clear in defining the role that the district judge assumes in adjudicating whether a part of the court record may be sealed or not. A judge cannot merely leave it up to the parties to "seal *whatever you want*." *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (emphasis added). Instead, because the judiciary can only claim its legitimacy through the reasoning of its decisions and the evidence that supports a given decision, any act that attempts to withdraw "an

element of the judicial process from public view makes the ensuing decision look more like fiat," and, as such, requires "rigorous justification." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). Accordingly, "what happens in the federal courts is presumptively open to public scrutiny," *id.,* and the privacy interests of the individual litigants can only override the public's interest if there is "good cause for sealing a part or the whole of the record." *Citizens First Nat'l Bank,* 178 F.3d at 945. This court, as the "primary representative of the public interest," is "duty-bound . . . to review any request to seal the record (or part of it)." *Id.*

Here, however, the parties' protective order attempts to stipulate away the court's important role in monitoring the sealing of the case record. More generally, the proposed order fails to provide any mechanism for examining whether the public's interest in having access to the happenings of this litigation is protected in any form. As such, the court cannot approve the proposed protective order submitted by the parties.

Accordingly,

**IT IS ORDERED** that the parties' stipulation for protective order (Docket #53) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 23rd day of November, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge